UNITED STATES DISTRICT COURT   SUMMONS ISSUED
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ APR 03 2012 ★

------------------------------------------------------------X

CARLOS LINARES,

LONG ISLAND OFFICE

Civil Action No.:

                    Plaintiff,

    -against-

**CLASS ACTION
COMPLAINT**

STEPHEN EINSTEIN & ASSOCIATES P.C.,

                Defendant(s).

DEMAND FOR JURY TRIAL

CV-12 1616

AMON, CH J

------------------------------------------------------------X

      Plaintiff CARLOS LINARES ("Plaintiff'"), by and through his attorneys, M. Harvey

Rephen & Associates, P.C., as and for its Complaint against the Defendant STEPHEN

EINSTEIN & ASSOCIATES P.C hereinafter referred to as Defendant(s)", respectfully

sets forth, complains and alleges, upon information and belief, the following:

### INTRODUCTION/PRELIMINARY STATEMENT

MANN, M.

1.      Plaintiff brings this action on his own behalf for damages and declaratory and

injunctive relief arising from the Defendant's violation(s) of §1692 et seq. of Title 15 of the

United States Code, commonly referred to as the Fair Debt Collections Practices Act

("FDCPA").

### PARTIES

2.      Plaintiff is a resident of the State of New York, residing at 20317 36TH Ave Apt

2, Bayside NY 11361.

3.      Defendant is a law firm in New York with their address at 20 Vesey St. Suite

1406, N.Y., N.Y. 10007.

4.      The Defendant is a "debt collector" as the phrase is defined and used in the

FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5.      The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq.* and 28 U.S.C. §2201.  If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## ALLEGATIONS FOR CLASS ACTION

7.      Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23 on behalf of himself and all persons/consumers, along with their successors in interest, who have received similar debt collection notices and/or letters/communications from the Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiff's Complaint (the "Class").  Excluded from the Class is the Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of STEPHEN EINSTEIN & ASSOCIATES P.C .

8.      This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9.      The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices and/or letters/communications from the Defendant which violates various provisions of the FDCPA.

10.      The debt collection notices and/or letters/communications from the Defendant, received by the Class, are to be evaluated by the objective standard of the

hypothetical "least sophisticated consumer".

11.    There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether the Defendant violated various provisions of the FDCPA; (ii) Whether Plaintiff and the Class have been injured by the Defendant's conduct; (c) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

12.    Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

13.    A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA as codified by 15 USC §1692(k).

14.    The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

15.    Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

16.    A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender.

Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

17.     Plaintiff will fairly and adequately represent the Class members' interests in that the Plaintiff's counsel is experienced and, further, anticipates that no impediments in the pursuit and maintenance of the class action as sought herein.

18.     Absent a class action the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, this allowing and enabling the Defendant's conduct to proceed and further enjoy the benefit of its ill-gotten gains.

19.     Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## FACTUAL ALLEGATIONS

20.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "19" herein with the same force and effect as if the same were set forth at length herein.

21.     On information and belief, Defendant, on behalf of a third party began collecting an alleged consumer debt from the Plaintiff.

22.     On information and belief, and better known to the Defendant, the Defendant began its collection efforts and campaign of communicating with the Plaintiff on or about Jan 4th, 2012 by sending letters to his house.

23.     The Defendant sent a demand letter dated Jan. 4th, 2012 which was received

shortly thereafter. The letters are a mass produced communication.

24.     The Defendant's letters state: "This firm is acting sole as a debt collector and not in any legal capacity in sending the letter."

25.     The Defendant's statement is false, deceptive and misleading, and is contradicted by the following statement in the same letter: "If we are unable to reach an amicable resolution an attorney in our office will review your file in order to make an appropriate recommendation to our client. If legal action is taken and a lawsuit is filed, it will be handled by an attorney licensed in your state."

26.     The letters violate 15 USC §1692e preface and e (10) and f-preface by being a false, deceptive and misleading and unfair representation in connection with an attempt to collect a debt in that the Defendant was not acting solely as a debt collector and was acting in a legal capacity, as they are able to have an attorney review the file to make an appropriate legal recommendation including a lawsuit and it would be handled by an attorney licensed in the Plaintiff's state.

## FIRST CAUSE OF ACTION
### *(Violations of the FDCPA)*

27.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "26" herein with the same force and effect as if the same were set forth at length herein.

28.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 USC §1692e-preface, 15 USC §1692e (10), and 15 USC §1692f-preface.

29.     As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

30.    Plaintiff CARLOS LINARES hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff CARLOS LINARES demands judgment from the Defendants STEPHEN EINSTEIN & ASSOCIATES P.C., as follows:

A.    For actual damages provided and pursuant to 15 USC §1692k(a)(1);

B.    For statutory damages provided and pursuant to 15 USC §1692k(2)(A);

C.    For statutory damages provided and pursuant to 15 USC §1692k(2)(B);

D.    For attorneys' fees and costs provided and pursuant to 15 USC §1692k(a)(3);

E.    A declaration that the Defendant's practices violated the FDCPA;

F.    For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.


Dated:      New York, New York
            March 30, 2012


                    Respectfully submitted,


                    By: _____
                    M. Harvey Rephen, (MR3384), Esq.
                    M. HARVEY REPHEN & ASSOCIATES, P.C.
                    708 Third Avenue, 6th Floor

New York, New York 10017
Phone:     (212) 796-0930
Facsimile: (212) 330-7582

*Attorney for the Plaintiff Carlos Linares*

To:    STEPHEN EINSTEIN & ASSOCIATES P.C.,
       20 Vesey Street, Suite 1406
       NY, NY 10007

       *(Via Prescribed Service)*

       Clerk,
       United States District Court, Eastern of New York
       *(For Filing Purposes)*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.:

CARLOS LINARES,

                              Plaintiff(s),

        -against-

STEPHEN EINSTEIN & ASSOCIATES P.C.,

                              Defendant(s).

-----------------------------------------

# COMPLAINT

-----------------------------------------

*M. HARVEY REPHEN & ASSOCIATES, P.C.*
*708 Third Avenue, 6th Floor*
*New York, New York 10017*
*Phone:     (212) 796-0930*
*Facsimile: (212) 330-7582*

-----------------------------------------